# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-47V

| | |
|---|---|
| MARNIE SCHMALTZ,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 16, 2024 |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC*, for Petitioner.

*Meghan Murphy, U.S. Department of Justice, Washington, DC*, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On January 4, 2021, Meghan Murphy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on October 16, 2019. Petition at 2-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 22, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On February 15, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,159.12 (comprised of $49,500.00 for pain and suffering and $659.12 for past unreimbursable expenses). Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner: A lump sum payment of $50,159.12 in the form of a check payable to Petitioner (comprised of $49,500.00 for pain and suffering, $659.12 for past unreimbursable expenses); and**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MARNIE SCHMALTZ,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>        Respondent. | No. 21-47V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 4, 2021, Marnie Schmaltz ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The petition alleges that as a result of receiving an influenza ("flu") vaccination on October 16, 2019, petitioner suffered from a left shoulder injury related to vaccine administration ("SIRVA"). *See* Petition at 2-3. On May 17, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case was not appropriate for compensation under the terms of the Act. ECF No. 26. The parties subsequently submitted briefs on entitlement, and on September 22, 2023, Chief Special Master Corcoran issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 37.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 22, 2023 entitlement decision.

I. **Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $49,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $659.12. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that Chief Special Master Corcoran's decision and the Court's judgment award the following[2]: a lump sum payment of $50,159.12, in the form of a check payable to petitioner.

III. **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Marnie Schmaltz:     **$50,159.12**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Principal Deputy Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Director
                        Torts Branch, Civil Division

                        HEATHER L. PEARLMAN
                        Deputy Director
                        Torts Branch, Civil Division

                        TRACI R. PATTON
                        Assistant Director
                        Torts Branch, Civil Division

                        /s/ *Meghan R. Murphy*
                        MEGHAN R. MURPHY
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146
                        Benjamin Franklin Station
                        Washington, D.C. 20044-0146
                        Tel:  (202) 616-4264
                        meghan.r.murphy@usdoj.gov

DATED:  February 15, 2024